UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION, *et al.*, | ) ) ) |
| Plaintiffs/Counterdefendants, | ) ) ) Cause No. 1:11-cv-00736-WTL-DKL |
| vs. | ) ) |
| MIROWSKI FAMILY VENTURES, LLC, | ) ) ) |
| Defendant/Counterclaimant. | ) |

ENTRY ON COUNTERDEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS

Before the Court is the Counterdefendants' Motion for Judgment on the Pleadings (dkt. no. 65). While this motion was filed before the Counterclaimant's amended Answer and Counterclaims, the Court indicated by separate order that it will consider arguments raised in the Counterdefendants' motion as if they were directed toward the amended Answer and Counterclaims. The Court, being duly advised, now rules as follows.

I.   STANDARD

In reviewing a motion for judgment on the pleadings, the court must apply the same standard that applies to a motion to dismiss under Rule 12(b)(6) and therefore must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to

relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)).

## II.  BACKGROUND

This case concerns the tangled relationship between a patent owner and its exclusive licensee. Once a profitable working relationship, things have since gone awry. The alleged facts are as follow.

Many years ago, Dr. Mieczyslaw Mirowski invented the implantable cardioverter defibrillator ("ICD") and obtained several patents for his invention. In 1973, the Plaintiffs (through predecessor entities, hereinafter "Boston Scientific") acquired from Dr. Mirowski an exclusive license to several of those patents and future inventions. After Dr. Mirowski's death, the patents at issue in this case were transferred to his wife and, ultimately, to the Defendant, Mirowski Family Ventures, LLC (hereinafter "Mirowski").

Pursuant to the license agreements, Boston Scientific was required to obtain Mirowski's mutual agreement regarding the initiation and strategy of actions against any infringer with sales over $75,000. The licenses also provided Mirowski a "right to participate" in any such action against an infringer. In addition, if a lawsuit were successful, the proceeds, net of costs and expenses, were to be divided equally between Boston Scientific and Mirowski.

In late 1996, Mirowski and Boston Scientific's predecessor entities filed suit against St. Jude Medical Corporation, alleging infringement of certain of the Mirowski patents (the "Indiana Litigation"). While the suit initially yielded a hundred-million-dollar jury verdict in Boston Scientific's and Mirowski's favor, the victory was short-lived. After it was discovered that one of Boston Scientific's expert witnesses had given false testimony at trial and that Boston Scientific had knowledge of its falsity, the court entered judgment as a matter of law against

Boston Scientific and Mirowski, found the patents at issue invalid and un-infringed, and awarded monetary sanctions against Boston Scientific.

Shortly thereafter, Boston Scientific's counsel advised Mirowski that because the court had declared the patents invalid, Boston Scientific was going to stop paying royalties to Mirowski on its ICD sales. Boston Scientific's counsel also opined that an appeal of the court's ruling was not worth pursuing. Mirowski then obtained independent counsel, who later successfully appealed the court's invalidity ruling.

While the appeal of the district court's decision was pending, Boston Scientific initiated a separate action in 2004 against St. Jude in Delaware, alleging infringement of another Mirowski patents (the "Delaware Litigation").

In the meantime, Mirowski and Boston Scientific reached an agreement to settle claims between them arising from the Indiana Litigation and entered into a new license with provisions similar to the previous license. With respect to royalties related to the Indiana Litigation, the parties agreed that, if there were ultimately a final non-appealable judgment that St. Jude infringed a valid claim of the contested patent, Boston Scientific would pay Mirowski a sum equal to all royalties that had accrued pursuant to the license with interest.

With respect to the Indiana Litigation, the Federal Circuit ultimately reinstated the jury's finding regarding the validity of one method claim of a patent, denied St. Jude's challenge to the patent term extension of the same patent, and remanded for a new trial on infringement and a reassessment of damages. On remand, the district court limited St. Jude's infringement liability to those devices that actually performed a form of therapy used in ICDs called cardioversion, and the Federal Circuit affirmed this ruling.

In early 2006, the district court in the Indiana Litigation ruled that, in any new trial following remand, St. Jude would be allowed to introduce evidence of Boston Scientific's misconduct in offering perjured testimony in the first trial. As a result, on July 29, 2006, Boston Scientific, without consulting or seeking the mutual agreement of Mirowski, entered into a settlement with St. Jude of six cases then pending between Boston Scientific and St. Jude. In entering this "Secret Settlement," Boston Scientific gave up over $600 million worth of potential claims that Boston Scientific and Mirowski were jointly pursuing against St. Jude in Indiana and Delaware. In exchange for Boston Scientific giving up these claims, St. Jude agreed not to pursue any claims against Boston Scientific based on the false testimony of its witness in the first trial.

In May 2011, Boston Scientific filed the instant action, seeking a declaration as to the scope of the products on which it must pay royalties to Mirowski. Mirowski asserts the following counterclaims against Boston Scientific:

1. breach of contract for accrued royalties;

2. breach of contract for improper settlement;

3. breach of implied covenant of good faith and fair dealing for improper settlement;

4. breach of fiduciary duty for improper settlement;

5. unjust enrichment;

6. constructive fraud;

7. negligence; and

8. breach of contract for attorneys' fees and costs relating to a suit in Delaware.

Boston Scientific moved for judgment on the pleadings as to Mirowski's Third, Fourth, Fifth, and Seventh Counterclaims. In response, Mirowski filed a motion to amend its

counterclaims, which motion the Court granted by separate order. As the issues raised in Boston Scientific's motion can be read to address alleged deficiencies in the amended Answer and Counterclaims, the Court now addresses Boston Scientific's motion for judgment on the pleadings as if it were directed toward the amended Answer and Counterclaims.

### III.  DISCUSSION

#### A.  Breach of Fiduciary Duty and Breach of Implied Covenant of Good Faith (Amended Fourth and Fifth Counterclaims)

Boston Scientific asserts that Mirowski's Counterclaims Four and Five fail because they are barred by Indiana's two-year statute of limitations for actions for injury to personal property. Ind. Code 34-11-2-4. Mirowski contends that these counterclaims are subject rather to Indiana's ten-year statute of limitations for an action on a contract in writing. Ind. Code 34-11-2-11.

As a preliminary matter, Boston Scientific is correct that if the substance of Mirowski's claims sound in tort,[1] its recent amendments will not convert them into contract claims, saving them from the two-year statute of limitations. In other words, the relevant analysis is the same as to both Mirowski's counterclaims as originally pled and as amended. This analysis turns on (1) when Mirowski's claims accrued, and (2) which statute of limitations applies.

##### 1. Claim Accrual

Mirowski argues that, even if its claims are subject to the shorter statute of limitations, its claims are timely for two reasons. First, Mirowski argues by way of analogy to Indiana partnership law that any statute of limitations did not begin to run until the joint venture between it and Boston Scientific was dissolved. Second, Mirowski asserts that it did not suffer

---

[1] While the Indiana statute regarding injury to personal property does not expressly use the phrase "tort," the Court adopts the shorthand adopted by other courts in similar cases. *E.g.*, *Lewis v. Methodist Hosp., Inc.*, 326 F.3d 851 passim (7th Cir. 2003).

ascertainable damage until Boston Scientific refused to satisfy its royalty obligations to Mirowski in September 2010 and August 2011. The Court addresses these arguments in reverse order.

When a cause of action accrues is a question of law. *Cooper Indus., LLC v. City of South Bend*, 899 N.E.2d 1274, 1280 (Ind. 2009). A cause of action accrues when the plaintiff knew, or in the exercise of ordinary intelligence should have known, of an injury. *Id.* "[I]t is not necessary that the full extent of the damage be known or even ascertainable, but only that some ascertainable damage has occurred." *Id.*

Mirowski and Boston Scientific agree that the relevant legal wrong with regard to Mirowski's claims for breach of fiduciary duty and duty of good faith and fair dealing is the "Secret Settlement" of July 29, 2006, between Boston Scientific and St. Jude, but they disagree over when ascertainable damage occurred as a result of that settlement. According to Mirowski, no damage occurred until Boston Scientific purported to make its "final" royalty payment under the licenses in an amount Mirowski contends is much less than it is due. Boston Scientific, by contrast, argues that the royalty payments allegedly due under the license agreements "have no relationship at all" to the accrual of Counterclaims Four and Five. The Court agrees with Boston Scientific.

While the failure to pay royalties allegedly due certainly constitutes damage, it is not damage that flowed from Boston Scientific's alleged breach of its fiduciary duty and duty of good faith and fair dealing. Rather, Mirowski alleges that some ascertainable damage occurred from this breach long before the royalty dispute arose. Under the licenses, Mirowski agreed to join as a party plaintiff in any infringement suit or action brought by Boston Scientific; in return, the proceeds of the suit or action, net of costs and expenses, would be divided equally between

Boston Scientific and Mirowski. Am. Answer at ¶ 76. However, when Boston Scientific entered into the Secret Settlement with St. Jude, it "gave up claims against St. Jude in Indiana and Delaware for lost profits, price erosion, 'up front' royalty payments, prejudgment interest, attorney's fees and any royalties above 'three percent (3%)' of net sales." Am. Answer at ¶ 179. Thus, "[t]he Secret Settlement eliminated the potential benefit that Mirowski once had from the pursuit of these cases" – i.e., one-half of the proceeds of the suit – "limiting Mirowski to a *maximum* recovery of 3% – the same amount it initially had a right to collect from a sublicensee under the 1973 License." Am. Answer at ¶ 181. In other words, as soon as Boston Scientific entered into the Secret Settlement, Mirowski was damaged in an amount equal to the value of its claim for one-half of the proceeds Boston Scientific had originally claimed were recoverable from St. Jude.[2]

Mirowski discovered this injury not long after the Secret Settlement occurred. Mirowski avers that it discovered the Secret Settlement "several weeks" after counsel for St. Jude met with counsel for Mirowski under the guise of seeking settlement. Am. Answer at ¶¶ 175, 177. Furthermore, court records reveal that Mirowski knew the extent of the Secret Settlement by September 27, 2006.[3] Thus, all conditions for claim accrual were satisfied as of September 27, 2006.

---

[2] Although it is not necessary that the extent of the damage be ascertainable in order for a claim to accrue, elsewhere Mirowski estimates its losses from the Secret Settlement to be upward of $150 million. Am. Answer at ¶¶ 98, 182, 184, 252-254.

[3] On September 25, 2006, Mirowski stipulated to "withdraw and [] not pursue any claim seeking damages for lost profits, price erosion, an 'up-front' royalty payment, prejudgment interest, or attorneys' fees" in the Indiana Litigation. See dkt. no. 66, ex. E. On September 27, 2006, Mirowski stipulated to "withdraw and [] not pursue any claim seeking damages for lost profits, price erosion, an 'up-front' royalty payment, prejudgment interest, or enhanced damages (i.e., treble damages or attorneys' fees)" in the Delaware Litigation. See dkt. no. 66, ex. F. The Court may take judicial notice of these documents without converting the motion for judgment

However, Mirowski argues that "in Indiana, the statute of limitations for an action between two co-venturers like Mirowski and Boston Scientific does not begin to run until the affairs of the joint venture conclude." According to Mirowski, the Indiana Uniform Partnership Act applies to joint ventures because Indiana "defines a joint venture as 'similar to a partnership except that a joint venture contemplates only a single transaction'" and "[t]oday courts are disposed to state categorically that a joint venture is governed by the same rules as a partnership." Mirowski's Resp. to Pls.' Mot. for J. on the Pleadings at 13-14 (quoting *Byrd v. E.B.B. Farms*, 796 N.E.2d 747, 754 (Ind. Ct. App. 2003) and 17 Paul J. Galanti, Indiana Practice Series, Business Organizations § 1.6 (2012)). Under Indiana law, "one partner cannot sue another to recover profits or to recover his share of partnership assets where the partnership is unsettled," *Douthit v. Douthit*, 32 N.E. 715, 717 (Ind. 1892), and Mirowski urges that the same holds true for co-venturers. Accordingly, Mirowski argues, the statute of limitations did not begin to run on Mirowski's claims until dissolution occurred – that is, when Boston Scientific purported to make its "final" royalty payments in September 2010 and August 2011.

This argument is simply a repackaging of Mirowski's accrual argument, wherein it tries to situate the claim accrual date with respect to royalty payments, rather than the harm suffered by way of the Secret Settlement, and therefore it suffers from the same deficiencies. However, even if Indiana partnership law were to apply to joint ventures, Mirowski misrepresents the law. While the right to an account of his interest accrues to a partner at the date of dissolution, Ind. Code 23-4-1-43, "where there is an agreement adjusting partnership affairs, which . . . creates a specific duty in his favor, he may maintain an action upon a breach of such duty or promise." *Douthit*, 32 N.E. at 717 ("The general rule is that where there is an actual wrongful appropriation

---

on the pleadings to a motion for summary judgment. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

of money or property a demand is not required."). Mirowski's claims for breach of fiduciary duty and duty of good faith and fair dealing sound in the latter, not the former.

For the reasons set forth above, the Court finds as a matter of law that Mirowski's Counterclaims Four and Five accrued on September 27, 2006, and the statute of limitations began to run at that time.[4] The issue now becomes which statute of limitations applies.

### 2.  *Statute of Limitations*

"The substance of a cause of action, rather than its form, determines the applicability of a statute of limitation." *Powers & Sons Const. Co. Inc. v. Healthy East Chicago*, 919 N.E.2d 137, 142 (Ind. App. 2009) (quoting *Cooper Indus., LLC v. City of South Bend*, 899 N.E.2d 1274, 1284 (Ind. 2009)). Specifically, courts should address the issue "by reference to the nature of the harm alleged rather than by reference to theories of recovery." *Whitehouse v. Quinn*, 477 N.E.2d 270, 273 (Ind. 1985). Courts "must not collapse all breach of contract claims into tort claims," for "[d]oing so would impermissibly effect a judicial repeal of the separate statutes of limitations." *Lewis v. Methodist Hosp., Inc.*, 326 F.3d 851, 854 (7th Cir. 2003). At the same time, courts should avoid "creat[ing] an artificial distinction between actions for personal injury or personal property damage by non-contracting parties and those where some contractual relationship could be alleged." *Whitehouse*, 477 N.E.2d at 274. Thus, before ascertaining the applicable statute of limitations in this case, the Court must identify the substance of the cause of action by inquiring into the nature of the alleged harm.

Mirowski asserts that Boston Scientific harmed Mirowski when it acted in bad faith, failed to disclose the Secret Settlement to Mirowski, and failed to make truthful disclosures to

---

[4] The statute of limitations expired September 27, 2008, long before the parties signed a tolling agreement related to royalties on July 24, 2009. The tolling agreement has no effect on expired claims.

9

Mirowski about its negotiations and agreement with Boston Scientific. Am. Answer at ¶¶ 280, 293. These actions "harmed the ability of Mirowski to recover the benefits it had bargained for under its prior agreements with Boston Scientific" – that is, one-half of the lawsuit proceeds, net of cost and expenses – which anticipated proceeds tipped the risk-reward balance in favor of suit against St. Jude. *See* Am. Answer at ¶¶ 281, 95-97 ("If, as a result of the litigation, Mirowski's patents were invalidated, Defendants' royalties to Mirowski might stop. . . . In order for the Indiana Litigation against St. Jude to be in Mirowski's interests, the anticipated proceeds had to exceed the risk of losing royalties Mirowski was already assured of receiving."). In practical terms, Mirowski had a personal property interest in the form of monetary claims against St. Jude that it lost as a result of Boston Scientific's allegedly dishonest and self-serving conduct. The definition of "personal property" in Indiana Code 34-11-2-4 is broad, and these monetary claims certainly fall within that definition. *See, e.g.*, *Shideler v. Dwyer*, 417 N.E.2d 281, 279-80 (Ind. 1981) ("[This section] governs all actions involving claimed losses of 'rights and interests in or to' personal property."). Thus, the substance of this action is in the nature of an injury to personal property[5] and it is subject to the two-year statute of limitations.

Because Mirowski's claims accrued in late September 2006, the statute of limitations expired in late September 2008; Mirowski did not assert its claims until late September 2011. As a result, Boston Scientific is entitled to judgment on the pleadings as to these claims because they are barred by the statute of limitations.

---

[5] This conclusion is further bolstered by the nature of the acts alleged to have caused this harm: breach of fiduciary duty and duty of good faith and fair dealing. "[W]here one party to a contract owes a fiduciary duty to the other party, a breach of that duty necessarily gives rise to an action in tort because it is impossible to contract around fiduciary obligations." *Lewis v. Methodist Hosp., Inc.*, 326 F.3d 851, 855 (7th Cir. 2003) (analyzing *Shideler v. Dwyer*, 417 N.E.2d 281 (Ind. 1981), and *Whitehouse v. Quinn*, 477 N.E.2d 270 (Ind. 1985)).

### B. Unjust Enrichment (Amended Sixth Counterclaim)

Boston Scientific contends that Mirowski's Sixth Counterclaim for Unjust Enrichment, pled in the alternative to its contract claims, is insufficient. Mirowski has not alleged that the License Agreements are void or unenforceable, Boston Scientific argues, and therefore no claim for unjust enrichment lies.

Indeed, no claim for unjust enrichment exists under Indiana law when an express contract governs the parties' relationship. *Town of New Ross v. Ferretti*, 815 N.E.2d 162, 168 (Ind. App. 2004) ("[T]he existence of a valid express contract for services precludes the implication of a contract covering the same subject matter."). To this end, Mirowski qualifies its claim: "*If* Defendants' conduct in entering into the Secret Settlement with St. Jude was not a subject matter covered by the express terms of a contract between Mirowski and Defendants, *then* Mirowski alleges [this counterclaim]" (emphasis added). Am. Answer at ¶ 299. Given this qualification, Mirowski need not allege that the contracts at issue are void or unenforceable; if the contracts were valid but did not govern the subject matter of this claim, their continued validity would be no obstacle to implication of a contract covering this subject matter.[6] *But see CoMentis, Inc. v. Purdue Research Found.*, 765 F. Supp. 2d 1092, 1102 (N.D. Ind. 2011) ("The parties are unquestionably bound by an enforceable express contract governing the parties' relationship— the License Agreement—which CoMentis claims Purdue breached in Count Three. So, again, the issue is whether the unjust enrichment claim covers the same subject matter as the License

---

[6] Boston Scientific acknowledges as much – "None of the cases cited by MFV, however, stands for the proposition needed by MFV: that a party can maintain both a breach of contract claim and a claim for unjust enrichment where the party does not claim either (1) *a contract did not cover the subject matter of the unjust enrichment claim*, or (2) the relevant contract was void or unenforceable." – but then inexplicably focus exclusively on the latter point. Boston Scientific's Reply at 16-17 (emphasis added).

Agreement. I find that it does."). For this reason, Boston Scientific's motion for judgment on the pleadings is denied as to Mirowski's Sixth Counterclaim.

### C. Disgorgement of Profits (Amended Eighth Counterclaim)

Boston Scientific contends that Mirowski's Counterclaim Eight for "Disgorgement of Profits" fails to state a claim on which relief can be granted. In response, Mirowski asserts that disgorgement of profits is a "free-standing contract-based claim with separate elements of required proof, each of which Mirowski appropriately alleges in its Amended Counterclaims."

Mirowski relies on the Restatement (Third) of Restitution and Unjust Enrichment, which it argues Indiana follows, for the proposition that disgorgement of profits is a separate cause of action. It is not clear that Indiana has adopted the relevant section of the Restatement, but even if it has, the Restatement by its terms establishes that disgorgement of profits is an equitable *remedy* that rides on a breach of contract claim, not a separate cause of action. Restatement (Third) of Restitution and Unjust Enrichment § 39(1) (2011) ("Restitution by the rule of this section is an alternative to a remedy in damages."). However, even though amended Counterclaim Eight does not set forth a separate cause of action, it does adequately plead disgorgement as an alternative remedy to Mirowski's breach of contract claim. Thus, while the Court agrees with Boston Scientific that disgorgement is not a separate cause of action, it finds that "Counterclaim" Eight puts Boston Scientific on notice that Mirowski may seek this alternative remedy. Accordingly, Boston Scientific's judgment on the pleadings is not warranted on this "claim."[7]

---

[7] Given this clarification, Boston Scientific's request for a more definite statement under Federal Rule of Civil Procedure 12(e) is denied. Pls.' Opp'n to Def.'s Mot. for Leave to Amend its Countercls. at 15 n.4. As to the improper form of this request, see footnote 8 below.

## IV.   CONCLUSION

Boston Scientific's motion for judgment on the pleadings as to the Amended Fourth and Fifth Counterclaims is **GRANTED**.

Boston Scientific's motion for judgment on the pleadings as to the Amended Sixth Counterclaim is **DENIED**.

With its recent amendment, Mirowski withdrew its original counterclaim for negligence. Boston Scientific's motion for judgment on the pleadings as to Mirowski's Counterclaim for negligence (original Counterclaim Seven) is therefore **DENIED AS MOOT**.

Boston Scientific's motion for judgment on the pleadings as to Mirowski's Amended Eighth Counterclaim is **DENIED**.[8]

SO ORDERED:   08/17/2012

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.

---

[8] In a footnote, Boston Scientific seeks leave to serve additional interrogatories. Boston Scientific should have filed this request as a separate motion. S.D. Ind. L.R. 7-1(a) ("Motions must be filed separately, but alternative motions may be filed in a single paper if each is named in the title."). At any rate, if, in light of the Court's ruling, Boston Scientific still finds this necessary, it should now file a separate motion.