UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **MIROWSKI FAMILY VENTURES, LLC,** ) | |
| ) | |
|       **Counterclaimant,** ) | |
| ) | |
|       vs. ) | Cause No. 1:11-cv-736-WTL-DKL |
| ) | |
| **BOSTON SCIENTIFIC CORPORATION,** *et al.*, ) ) | |
| ) | |
|       **Counterclaim Defendants.** ) | |

## ENTRY ON MOTION IN LIMINE REGARDING THE "RIGHT TO PARTICIPATE"

This cause is before the Court on Defendant Boston Scientific's Motion in Limine to Preclude Certain Evidence Regarding the Meaning of "Right to Participate" (Dkt. No. 272). The motions are fully briefed and the Court, being duly advised, rules as follows.

In its second Counterclaim, Mirowski alleges that Boston Scientific breached the 2004 License when it did not afford Mirowski its "right to participate" in the litigation when it settled with St. Jude. Boston Scientific now seeks an order in limine precluding Mirowski from presenting evidence, including expert testimony and extrinsic evidence, suggesting that the "right to participate" clause includes the right to veto or control Boston Scientific's litigation decisions.

Mirowski's "right to participate" is provided in a provision of the 2004 License regarding infringement actions:

> GUIDANT shall have the right to bring and conduct suit or actions in its name against others for infringement of any patent subject to this Exclusive License Agreement, the same as if such patent were the exclusive property of GUIDANT; and GUIDANT shall, subject to mutual agreement between GUIDANT and MIROWSKI, bring and conduct suit or actions against any infringer whose annual sales, rentals and leases of infringing devices exceed $75,000. MIROWSKI agrees to join as a party plaintiff in any infringement suit or action brought by

> GUIDANT under the terms of this Exclusive License Agreement; and MIROWSKI shall have the right to participate in any infringement suit or action brought by GUIDANT under the terms of this Exclusive License Agreement. GUIDANT shall pay all costs and expenses of such suit or action, and shall be entitled to the proceeds thereof. However, the proceeds of such suit or action, less all costs and expenses incurred by GUIDANT in connection therewith, shall be divided equally between GUIDANT and MIROWSKI.

This provision was the subject of this Court's summary judgment entry, in which it explained:

> Mirowski argues that the "right to participate" clause imposes a duty on Boston Scientific to disclose the fact of its negotiations as well as seek or obtain Mirowski's participation in these negotiations. Mirowski's Br. at 28, No. 127. Assuming that Mirowski's interpretation is correct, Mirowski is nevertheless not entitled to summary judgment. It is undisputed that the Mirowski family attorney, Sidney Silver, was informed that Boston Scientific was engaged in settlement negotiations with St. Jude, yet Mr. Silver did not seek to be included in those discussions. However, it is also undisputed that Mr. Silver believed the settlement window closed on June 30, 2006, but negotiations continued and settlement was ultimately reached. Whether, on these facts, Mirowski was denied the "right to participate" is a question for the jury. For this reason, Mirowski is not entitled to summary judgment as to this claim.

Entry on Summ. J. at 17, No. 235. At the time of the Court's entry, it was not necessary for it to define the term in order to resolve the motion before it; it was sufficient to assume the meaning urged by Mirowski at the time as Mirowski was the only party who moved for summary judgment on that claim. The issue is now squarely before the Court.

The construction of an unambiguous written contract is a question of law for the court, *Allen v. Cedar Real Estate Grp., LLP*, 236 F.3d at 374, 380 (7th Cir. 2001), and thus the Court construed the unambiguous terms "covered by" and "mutual agreement" in the parties' 2004 License. However, "if a contract is ambiguous or uncertain, its meaning is to be determined by extrinsic evidence, and its construction is an issue of fact." *Id.* The Court finds the term "right to participate" ambiguous, as it is susceptible to multiple meanings, each implying a different level of control over the litigation. Furthermore, the meaning of this phrase may well need to be

determined by extrinsic evidence. For example, testimony on the custom and usage of the term (as well as related terms in this provision) in the patent context may be helpful, yet the record reveals that there is hardly a consensus on this point. One of Mirowski's proffered experts, Larry S. Nixon, opines that "right to participate" as used in the patent realm involves "being informed, consulted, and included in negotiations regarding the potential resolution of litigation," while one of Boston Scientific's experts, Thomas J. Filarski, opines that the term as used in the patent world means that Mirowski has a right to "litigate its own case" against an infringer, either as a co-plaintiff or the sole plaintiff. The construction of this term is therefore a matter involving extrinsic evidence to be determined by the factfinder. *Fresh Cut, Inc. v. Fazli*, 650 N.E.2d 1126, 1133 (Ind. 1995) ("Here, however, while the contract is ambiguous and uncertain in its terms, we believe that the meaning of the contract may well need to be determined by extrinsic evidence. As such its construction is a matter for the factfinder."); *cf. Allen*, 236 F.3d at 380 ("If, however, an ambiguity arises because of the language used in the contract and not because of extrinsic facts, its construction is purely a question of law to be determined by the court.").

Boston Scientific urges that, at a minimum, Mirowski should not be permitted to argue that the term includes a "veto right," because, as Boston Scientific sees it, such a definition would directly conflict with other clauses in this provision, as well as this Court's entry on the meaning of "mutual agreement." The Court sees no contradiction with its Entry, and whether a certain definition would conflict with other terms in the clause, and is therefore "legally untenable," is question requiring extrinsic evidence on the meaning of those other terms as they are used in the patent context.

Finally, Boston Scientific argues that permitting Mirowski to include a "veto right" in the definition would allow Mirowski to "sidestep" the requirement of causation in its case-within-a-

3

case. Arguing for a certain definition that would go toward an element of one's case is hardly "sidestepping" – it is the very definition of an attempt to prove one's case!

Boston Scientific's motion is **DENIED**.

SO ORDERED: 02/01/2013

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.