UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **MIROWSKI FAMILY VENTURES, LLC,** | ) ) ) |
| **Counterclaimant,** | ) ) |
| vs. | ) Cause No. 1:11-cv-736-WTL-DKL ) |
| **BOSTON SCIENTIFIC CORPORATION,** *et al.*, | ) ) ) ) |
| **Counterclaim Defendants.** | ) |

### ENTRY ON MOTION REGARDING MIROWSKI'S CLAIMS AGAINST ST. JUDE

This cause is before the Court on Plaintiff Mirowski Family Venture's Motion to Limit Expert Testimony or Argument that Mirowski had Separate Claims of Its Own Against St. Jude." (Dkt. No. 221). The motions are fully briefed and the Court, being duly advised, rules as follows.

### I.   BACKGROUND[1]

Mirowski has provided a detailed explanation of the relevant background, which the Court has adopted in substantial part below.

In early 2001, in the Indiana litigation, St. Jude moved to dismiss Eli Lilly and Company ("Lilly") as a co-plaintiff in the Indiana litigation, claiming that Lilly had lost its standing to bring suit as a result of its sub-license to co-plaintiff Cardiac Pacemakers, Inc. ("CPI") (a corporate predecessor to Guidant and Boston Scientific). The Court found that Lilly's retained interest in the patents provided it with constitutional and statutory standing to continue participating as a co-plaintiff. *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 2001 WL 388874 at *8 (S.D. Ind. Mar. 12, 2001).

---

[1] For a detailed background of the case, see the Court's November 30, 2012, summary judgment entry.

Several months later, on the eve of trial, St. Jude filed another motion to dismiss, arguing that co-plaintiffs Lilly, CPI, and Guidant lacked standing because they were not the patentee within the meaning of 35 U.S.C. § 281. Boston Scientific responded that, even though "Plaintiffs remain steadfast in their belief that [Boston Scientific] (with or without Lilly) has standing to maintain this action on its own without joining the patent owner," it had "reluctantly concluded that, in this instance, discretion is the better part of valor" and that it would file a "Rule 21 motion to add Anna Mirowski [i.e., Mirowski] as a co-plaintiff." Pls.' Br. in Opp'n to Defs.' Mot. to Dismiss at 9, Ex. 2 to No. 222. Boston Scientific argued to the Court that the addition constituted a mere formality because, as the Court had already noted with respect to Lilly, "Mrs. Mirowski (like Lilly) presents no claims other than those presented by CPI [i.e., Boston Scientific]." Pls.' Br. at 11, Ex 2 to No. 222 (internal quotation marks omitted) (citing *Cardiac Pacemakers*, 2001 WL 388874 at *8). Boston Scientific asserted that "adding Mrs. Mirowski as a co-plaintiff will not subject Defendants to multiple recoveries" or "cause any delay." Pls.' Br. at 11, Ex 2 to No. 222.

The Court granted Boston Scientific's motion based on the "absence of any unfair prejudice" to the plaintiff and dismissed St. Jude's motion to dismiss. Entry on Defs.' Mot. to Dismiss at 1-2, Ex. 3 to No. 222. In so doing, this Court noted: "This court's reasoning in the earlier entry on Eli Lilly and Company, and the reasoning spelled out in defendants' own briefs on that motion support jurisdiction in this case even without the presence of Mrs. Mirowski." Entry at 2, Ex. 3 to No. 222.

Five years later, Boston Scientific executed the 2006 Settlement with St. Jude. Now, Boston Scientific appears poised to argue that Mirowski had its "own claims" that it was free to pursue against St. Jude, even after the 2006 Settlement.

2

## II. STANDARD

Judicial estoppel is an equitable concept providing that a party who prevails on one ground in a lawsuit cannot turn around and in another lawsuit repudiate that ground. *United States v. Hook,* 195 F.3d 299, 306 (7th Cir. 1999). In other words, judicial estoppel protects this Court from manipulation by "chameleonic litigants" who seek to prevail, twice, on opposite theories. *In re Airadigm Comm'ns, Inc.*, 616 F.3d 642, 661 (7th Cir. 2010). Although the doctrine has no precise bounds, certain prerequisites exist for its application: (1) the facts at issue should be the same in both cases; (2) the latter position must be clearly inconsistent with the earlier position; (3) the party to be estopped must have convinced the first court to adopt its position; and (4) the party to be estopped will derive an unfair advantage if not estopped. *See id.*; *Hook*, 195 F.3d at 306.

## III. DISCUSSION

According to Mirowski, Boston Scientific "now contends, through its attorneys and its experts, that Mirowski and Boston Scientific were each allegedly pursuing their own independent claims in these cases and that each had a right to do what they wanted with their 'own claims.'" Mirowski's Br. at 4, No. 222. Mirowski argues that Boston Scientific should be estopped from doing so. The Court agrees. The facts in this case relevant to the issue *are* the facts from the Indiana litigation; clearly the facts are the same. The position that Mirowski had separate claims of its own that it could (and did) continue to pursue after Boston Scientific entered in the 2006 Agreement is clearly inconsistent with Boston Scientific's representation to Judge Hamilton that Mirowski "presented no claims other than" those presented by Boston Scientific and adding Mirowski would not subject St. Jude to "multiple recoveries." Judge Hamilton adopted this argument when he granted the motion to add Mirowski based on the

"absence of any unfair prejudice" to St. Jude. Finally, permitting Boston Scientific to argue otherwise would permit it to transform the shield it raised against St. Jude's motion to dismiss into a sword undercutting Mirowski's argument regarding the damages it suffered from the 2006 Settlement. The unfair advantage is plain.

Whatever its truth, Boston Scientific's current argument before this Court that Mirowski had "separate, but identical" claims to Boston Scientific cannot be squared with its prior representations to Judge Hamilton that the addition of Mirowski would not subject St. Jude to multiple recoveries. Boston Scientific is now held to its word.

## IV.     CONCLUSION

Mirowski's Motion to Limit Expert Testimony or Argument that Mirowski had Separate Claims of Its Own Against St. Jude (Dkt. No. 221) is **GRANTED**.

SO ORDERED:          02/01/2013

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.