UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **MIROWSKI FAMILY VENTURES, LLC,** )<br>)<br>Counterclaimant, )<br>)<br>vs. )<br>)<br>**BOSTON SCIENTIFIC CORPORATION,** *et al.***,** )<br>)<br>Counterclaim Defendants. ) | Cause No. 1:11-cv-736-WTL-DKL |

**ENTRY ON MOTION REGARDING TESTIMONY
OF BOSTON SCIENTIFIC'S IN-HOUSE COUNSEL**

This cause comes before the Court on Plaintiff Mirowski's Motion to Preclude Opinion Testimony of Boston Scientific's In-House Counsel (dkt. no. 209). The motion is fully briefed and the Court, being duly advised, rules as follows.

## I.   BACKGROUND

Peter Gafner has served as in-house counsel at Boston Scientific since 1993. In 2006, when Boston Scientific acquired Guidant, Mr. Gafner was the Vice President of Cardiovascular Litigation, working on all intellectual property litigation for Boston Scientific. Following the merger between Boston Scientific and Guidant, Mr. Gafner led the negotiations that culminated in the 2006 Agreement with St. Jude.

After the merger between Boston Scientific and Guidant, Mr. Gafner analyzed the litigation that Guidant had brought into Boston Scientific as part of the merger. As general counsel for Guidant, Dick Clapp played a significant role in bringing the Boston Scientific legal team "up to speed" on the status of Guidant's various litigations. In addition to gleaning

information from Mr. Clapp, Mr. Gafner and his colleagues at Boston Scientific also reviewed court records and relevant agreements involving Guidant and St. Jude.

In the instant motion, Mirowski seeks the preclusion of Mr. Gafner's testimony on (1) the value of the underlying litigations in Indiana, Delaware, Minnesota, and Texas; (2) the impact of prior rulings or probability of future rulings; (3) the meaning of the 2004 License; and (3) historical "control" of the underlying litigations. Mirowski's reasons are two-fold: (1) Mr. Gafner's opinions are the result of his specialized knowledge and as such are expert testimony, yet Mr. Gafner was not disclosed as an expert; and (2) inquiry into the basis of Mr. Gafner's opinions was blocked by Mr. Gafner's assertions of attorney-client privilege during his deposition.

## II.   DISCUSSION

Mirowski first takes issue with Mr. Gafner's anticipated testimony as impermissible expert testimony. Mirowski alleges, and Boston Scientific admits, that Mr. Gafner was not disclosed as an expert. However, Boston Scientific professes not to offer him as one; rather, "Mr. Gafner is a fact witness who will testify from his personal knowledge and experience." Boston Scientific's Resp. at 5, No. 240. Given this clarification, the Court need not address whether Mr. Gafner may testify as an expert.

However, given Mr. Gafner's unique position as in-house counsel who was involved in the 2006 Settlement, his testimony as a "fact witness" is problematic. For example, most of Mr. Gafner's testimony is not fact at all, but rather consists of opinions on (1) the value of the underlying litigations; (2) the impact of prior rulings or probability of future rulings; (3) the meaning of the 2004 License; and (4) who had "control" of the underlying litigations. Insofar as Mr. Gafner will testify as to his opinions on these subjects, his testimony is governed by Federal

Rule of Evidence 701, which provides that "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Mr. Gafner's opinions on these subjects are informed by his specialized knowledge as an attorney, and therefore are inadmissible as lay witness opinion testimony.

The Court notes, however, than a bit of hair-splitting is necessary here. Boston Scientific has indicated that Mr. Gafner's testimony will go to "what Boston Scientific did, what Boston Scientific was thinking, and why it took certain actions." Boston Scientific's Resp. at 7, No. 240. There should be no argument that Mr. Gafner can testify as to what he did – that is the core of fact testimony and it appears to be both relevant and admissible. To the extent that Mr. Gafner may also testify to the "what" – that is, not his existing beliefs, but what he believed or thought at a certain time in the past – his testimony is fact, not opinion. Nevertheless, at this time Boston Scientific has not shown the relevance of the fact that Mr. Gafner thought certain things about (1) the value of the underlying litigations; (2) the impact of prior rulings or probability of future rulings; (3) the meaning of the 2004 License; or (4) historical control of the underlying litigations, at least insofar as these opinions are divorced from their accuracy.[1] Likewise, to the extent that Mr. Gafner may testify to the "why," this too is fact testimony. As with the "what" testimony, there is an initial problem of relevance.[2] For this reason, Boston Scientific is

---

[1] Even if relevant, the fact of Mr. Gafner's thoughts on certain subjects may run into problems under Rule 403. Testimony that one had a certain opinion, when coupled with the content of that opinion, comes perilously close to vouching for the accuracy of that opinion.

[2] As with "what" testimony, even if relevant, this "why" testimony also borders on expert opinion.

3

prohibited from eliciting testimony regarding or otherwise mentioning the issues addressed above without first seeking leave of Court outside of the presence of the jury.

Furthermore, even if Mr. Gafner's testimony on the "what" and the "why" proves relevant, a hurdle remains. Mr. Gafner's testimony must be based on his own experiences. Fed. R. Evid. 602, 701. Yet, to admit, as Boston Scientific does, that Mr. Gafner was informed at least in part by Mr. Clapp does not immediately render that testimony inadmissible.

> All perception is inferential and most knowledge social; since Kant we have known that there is no unmediated contact between nature and thought. Knowledge acquired through others may still be personal knowledge within the meaning of [Federal Rule 602], rather than hearsay, which is the repetition of a statement made by someone else—a statement offered on the authority of the out-of-court declarant and not vouched for as to truth by the actual witness. Such a statement is different from a statement of personal knowledge merely based, as most knowledge is based, on information obtained from other people.

*Agfa-Gevaert, A.B. v. A.B. Dick Co.*, 879 F.2d 1518, 1523 (7th Cir. 1989). And herein lies the rub. As Mr. Gafner has asserted attorney-client privilege over some sources of his knowledge, Mirowski has been unable to test the sufficiency of his personal knowledge. In other words, Mirowski has been deprived of the opportunity to determine whether Mr. Gafner is merely repeating (without attribution) a statement made wholesale to him by another, or whether Mr. Gafner is compiling and assimilating information he gleaned from many sources. Furthermore, as the content of that privileged information is not (and cannot be) known, it is impossible to separate those portions of his opinion permissibly based on inferential perception and/or admissible sources (business records, for example) from those portions impermissibly based on inadmissible sources, such as hearsay. Therefore, testimony offered by Boston Scientific on a topic over which Mr. Gafner asserted privilege – however few times and on however small an aspect – is also subject to exclusion.

For the foregoing reasons, Mirowski's motion is **GRANTED**.[3]

The Court notes that the granting of this motion is not a final ruling regarding the admissibility of the evidence at issue. If Boston Scientific wishes to elicit testimony or introduce evidence regarding a topic covered by this Entry, it should request a sidebar conference during the appropriate point in the trial, at which time the Court will determine how best to proceed. Parties should always err on the side of caution and interpret rulings on motions in limine broadly, requesting sidebars before eliciting testimony or offering evidence that is even arguably covered by a ruling in limine and avoiding mention of such topics during voir dire, opening statements, and closing argument.

SO ORDERED:   02/04/2013

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.

---

[3] Mirowski's motion to preclude Mr. Gafner from testifying that Mirowski had its "own claims" after the 2006 Settlement was effectively granted when the Court granted Mirowski's motion relating to any testimony that Mirowski had its "own claims." See Entry on Mot. Regarding Mirowski's Claims Against St. Jude, No. 349.