UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **MIROWSKI FAMILY VENTURES, LLC,** ) | |
| ) | |
| **Counterclaimant,** ) | |
| ) | |
| vs. ) | Cause No. 1:11-cv-736-WTL-DKL |
| ) | |
| **BOSTON SCIENTIFIC CORPORATION,** *et al.*, ) | |
| ) | |
| **Counterclaim Defendants.** ) | |

### ENTRY REGARDING CASE-WITHIN-A-CASE METHOD

This cause comes before the Court on three related motions filed by Boston Scientific -- Boston Scientific's Motion to Exclude Inadmissible Evidence Relating to Liability and Damages in Mirowski's Case-Within-A-Case Theory (Motion in Limine #2) (Dkt. No. 268); Boston Scientific's Motion to Preclude Expert Testimony and Other Evidence Supporting Any Damages Theory Based on What the Juries in the Underlying Delaware and Indiana Case Might Have Awarded (Motion in Limine #3) (Dkt. No. 269); and Boston Scientific's Motion to Preclude Mirowski from Presenting Case-within-a-Case Evidence for the Underlying Delaware Case Without Proper Claim Constructions (Motion in Limine #7) (Dkt. No. 275). The motions are fully briefed, and the Court now issues this partial ruling on the motions.

The parties have argued at length about whether Mirowski must or may use "case-within-a-case evidence" to prove any part of its claim regarding the damage it suffered at the time of the 2006 Settlement.[1] Boston Scientific argues that some of Mirowski's so-called "case-within-a-case evidence" is inadmissible under the Federal Rules of Evidence or Indiana law. That aspect

---

[1] This claim is distinct from, but related to, Mirowski's claim for its half of the proceeds Boston Scientific received as part of the Settlement.

of these motions will be addressed by separate entry. Here the Court addresses whether Mirowski *must* use "case-within-a-case evidence" to prove any part of its claim.

"Through its breach of contract claims, Mirowski seeks to recover the loss in value of its share of the claims it formerly held jointly with Boston Scientific, collectively worth $589.7 to 1,055.2 million, that Boston Scientific traded away in exchange for St. Jude giving up claims against Boston Scientific in other litigation that was unrelated to Mirowski." Mirowski's Br. in Opp'n at 4, No. 300. According to Boston Scientific, Mirowski must use "case-within-a-case evidence" to prove "i.e., the fact of damages, even under an 'impaired settlement' theory." Boston Scientific's Motion in Limine No. 3 at 8, No. 269. Mirowski contends that expert opinion will suffice to prove the lost value, as "[c]ourts routinely allow juries to determine the value of litigation claims, including patent litigation claims, through expert testimony – and expert testimony alone – without requiring the complete case-within-a-case trial of those claims." Mirowski's Br. in Opp'n at 7, No. 300. The Court agrees with Boston Scientific.

The necessity of case-within-a-case proof is evident in the elements of a breach of contract action. The parties agree that one element of the action is that "Boston Scientific's breach of contract damaged Mirowski." Joint Issue Inst. at 3, Ex. 1. to No. 332. In other words, Mirowski must prove that it suffered damage. Mirowski has certainly alleged as much throughout this case, but Mirowski is now rapidly approaching its moment of proof. Under Mirowski's theory, it is not a forgone conclusion that Mirowski did in fact suffer damage, as it is unknown whether Mirowski would have prevailed (in settlement, jury verdict, or some combination) had the parties continued to litigate the case. It is possible that the amount Mirowski received in settlement *is greater than* what it would have received in settlement or jury verdict. The point is that it is as yet unknown. *See Wright v. St. Mary's Medical Ctr. of*

*Evansville*, 59 F. Supp. 2d 794, 800-01 (S.D. Ind. 1999) ("In this case, there is uncertainty as to whether the plaintiffs have suffered any damage as a result of St. Mary's wrongful act."). However, unlike *Wright*, there is here a mechanism whereby Mirowski can establish damage: the case-within-a-case method, wherein the underlying litigations play out before this jury.

Mirowski contends that it may substitute expert testimony for case-within-a-case proof on this subject, but the Court disagrees. As an initial matter, the bankruptcy cases Mirowski cites in support of its contention are missing a crucial factor – in those cases, damage to the debtor is not in issue. The issue is simply how to value the litigation for inclusion in the debtor's estate. Mirowski also points to *Garcia v. Kozlov, Seaton, Romanini & Brooks, P.C.* for the proposition that it may proceed through "the use of expert testimony as to what as a matter of reasonable probability would have transpired at the original trial." 845 A.2d 602, 613-14 (N.J. 2004). The Court is not convinced that such an alternative would return a result certain enough to be viable under Indiana law. *See Shepard v. State Auto Mut. Ins. Co.*, 463 F.3d 742, 749 (7th Cir. 2006) ("Rather, a plaintiff must have adequate evidence to allow a jury to determine with sufficient certainty that damages in fact occurred."). There are simply too many contingencies. In contrast, the case-within-a-case method, as Mirowski itself explained, is in fact a reproduction of the underlying action that permits "the jury to decide damages methodically, rationally, and without speculation." Mirowski's Resp. in Opp'n at 29, No. 139.

Mirowski has at times suggested that there is another way to value the damage it suffered. For example, elsewhere in its Answer, Mirowski alleges that it "suffered damages in the amount of its interest in the lost value of the claims Boston Scientific forfeited in the Secret Settlement." Answer at ¶¶ 249, 263. The "value" of the claims reflects the intersection of the alleged damages and its probability of success, and is in all likelihood much less than the total damages alleged

against St. Jude. *See Wright*, 59 F. Supp. 2d 794, 800 (discussing alternative loss of chance doctrine); *cf. Alexander v. Scheid*, 726 N.E.2d 272, 279-80 (Ind. 2000) ("loss of chance is better understood as a description of the injury"). If what Mirowski truly seeks is recovery of the difference in the value of its claims before and after Settlement –the value of the lost opportunity to continue litigation – then additional briefing is needed on whether such damages are cognizable under Indiana law. If that is Mirowski's intent, it shall file a motion requesting additional briefing on or before February 8, 2013.

    SO ORDERED: 02/05/2013

                                                                          Hon. William T. Lawrence, Judge
                                                                          United States District Court
                                                                          Southern District of Indiana

Copies to all counsel of record via electronic communication.