UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **MIROWSKI FAMILY VENTURES, LLC,** ) | |
| ) | |
|       **Counterclaimant,** ) | |
| ) | |
|       vs. ) | Cause No. 1:11-cv-736-WTL-DKL |
| ) | |
| **BOSTON SCIENTIFIC CORPORATION,** *et al.*, ) | |
| ) | |
|       **Counterclaim Defendants.** ) | |

**ENTRY ON MOTION REGARDING EVIDENCE IN CASE-WITHIN-A-CASE**

This cause comes before the Court on Boston Scientific's Motion to Exclude Inadmissible Evidence Relating to Liability and Damages in Mirowski's Case-Within-A-Case Theory (Motion in Limine #2) (Dkt. No. 268). The Court has already issued a partial ruling on the motion. The Court now addresses the remaining issues.

### 1. Settlement Stipulation

In support of its infringement case, Mirowski has indicated that it will offer the Delaware settlement stipulation (the "Delaware Settlement") between Boston Scientific, Mirowski, and St. Jude, agreeing that "one or more of the accused products infringe at least one claim of the ['119 patent] and that the asserted claims of the '119 patent are not invalid and unenforceable." Mirowski's Opp'n. at 9, No. 300. Boston Scientific argues that the stipulation is inadmissible to provide liability (1) under Federal Rule of Evidence 408; and (2) as the stipulation was made "solely" for the purposes of settlement. In response, Mirowski skirts the liability issue, now arguing that the stipulation is admissible as (1) evidence of the settlement in the event that

Boston Scientific places the Delaware Settlement in issue; and, more specifically, (2) as evidence of the value of the settlement and "its contents."

Boston Scientific is correct that the Delaware Settlement is not admissible as evidence that the parties would have prevailed against St. Jude if the settlement had not gone through. The settlement simply isn't probative of what would have happened in its wake. Such evidence also would fly in the face of the spirit and letter of Rule 408, which renders inadmissible evidence about compromise and conduct or statement made during compromise negotiations if offered to prove the validity of a disputed claim. Fed. R. Evid. 408. Infringement was, until the settlement, disputed; the parties could not have used failed settlement negotiations against St. Jude to prove that its products infringed the claim (for many reasons). Mirowski may not now turn the tables and wield the settlement against Boston Scientific in order to prove that St. Jude's products infringed the patent.

At the same time, if Boston Scientific places the Delaware Settlement in issue, or seeks to introduce testimony as to its value, the contents of the settlement agreement itself may be relevant. In fact, under certain circumstances, admission of the settlement agreement may be not only permitted, but also required. *See* Fed. R. Evid. 1002. Whether the Delaware Settlement is admissible therefore depends on the context in which it is offered. Before offering the Delaware Settlement into evidence, the proponent shall seek leave of Court outside the presence of the jury.

## 2. Expert Witnesses in Underlying Litigation

Given that the experts in the underlying litigations were jointly retained by Mirowski and Boston Scientific, the parties agreed that neither would hire these persons as expert witnesses.[1] Rather, they agreed that an expert in the underlying litigation would be a fact witness only. Boston Scientific reads Mirowski's latest brief as indicating that it will indeed call these witnesses as experts. Such expert testimony would be improper, so Boston Scientific argues, because (1) it is in violation of the parties' agreement, and (2) these witnesses were not timely disclosed as experts, which nondisclosure would result in prejudice to Boston Scientific if they were now permitted to testify as experts. For its part, Mirowski contends that it merely offers "each of these witnesses [as] a fact witness regarding their prior opinions, not experts in this litigation." Mirowski's Opp'n at 20, No. 300.

In what is becoming a common theme in this case, distinctions must be made with respect to the purpose of such "factual" testimony. Testimony recounting the existence of a prior opinion is fact testimony, not improper expert testimony. However, the relevance of the existence of expert opinions – as divorced from the accuracy of the underlying opinions – is not apparent. Furthermore, even if relevant, such testimony could be subject to attack under Rule 403 under certain circumstances. If either party wishes to call an expert or introduce an expert deposition or expert report to establish the validity of a patent, the infringement of a patent, or the worth of a claim or defense, that testimony is properly expert testimony, and the parties have agreed not to use these experts for such testimony. Accordingly, before eliciting testimony from any of the

---

[1] The experts in the underlying litigation are Dr. Berger, Dr. Oster, Mr. Britven, Mr. Wagner, and Mr. Evans.

underlying litigation experts in any of the ways listed above, the proponent shall seek leave of Court outside the presence of the jury.[2]

### 3. Dr. Mower

Boston Scientific next seeks the preclusion of the testimony of Dr. Morton Mower, one of the inventors of the '119 patent technology, on the subject of infringement of the '119 patent.

On July 13, 2012, Mirowski disclosed Dr. Morton Mower as an expert witness and gave the following disclosure under Federal Rule of Civil Procedure 26(a)(2)(C):

> Dr. Mower may be called to testify as an expert on electrophysiology, implantable cardioverter-defibrillators, cardiac rhythm management and resynchronization therapy devices, U.S. Patent No. 4,407,288, and U.S. Patent No. RE 38,119. Dr. Mower's expert opinions would be based on his decades of experience as a physician and inventor, the facts arising out of the development of the patents and devices at issue in this case and known to Boston Scientific prior to Dr. Mower's deposition in this matter. Dr. Mower may also rely on facts related to the usage of ICDs and topics discussed during the deposition of Dr. Mower in this case. Dr. Mower's opinions may include opinions offered during his deposition in this case; descriptions of the patents and inventions at issue, their uses and benefits; the meaning of cardioversion; the meaning of defibrillation; implantation testing procedures; and an opinion that ICD devices perform the steps of claim 4 of the '288 patent on implantation and at other times.

Mirowski's Rule 26 Disclosures at 2, Ex. 3 at No. 268. On November 30, 2012, Mirowski indicated that "Dr. Mower's testimony may also prove infringement." Mirowski's Mot. in Opp'n to Boston Scientific's Mot. to Preclude Dr. Rao at 8-9, No. 239. According to Boston Scientific, this statement was the first clue that Dr. Mower will testify as to infringement, and as such, it

---

[2] Whether Dr. Rao may nevertheless rely on these reports is a separate issue not before the Court here. Fed. R. Evid. 703 ("If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted."); *see also* Boston Scientific's Reply at 10, No. 346 ("Dr. Rao is free to testify that his numbers are consistent with those of Boston Scientific's prior experts, but Mirowski cannot bootstrap and shovel the hearsay testimony and wholesale expert reports of these prior experts into this case because they were never disclosed as experts here.").

was untimely. As a result, Boston Scientific seeks to preclude any testimony by Dr. Mower on this topic.

There is a difference between the substance of a witness's testimony and what that testimony may "prove." As a cardiologist, Dr. Mower is not qualified to testify to a legal conclusion about whether St. Jude's usage of the devices in question constitutes infringement. But his inability to testify as to that legal conclusion does not mean that he may not testify as to his knowledge of the uses and benefits of the devices that may support an argument that St. Jude infringed the patent. An expert report must disclose the subject matter of testimony and provide, in this case, a "summary of the facts and opinions" about which an expert will testify, Fed. R. Civ. Pro. 26(a)(2)(C), but the report need not indicate that testimony's relevance or purpose. Mirowski may have tipped its hand and revealed the purpose of Dr. Mower's testimony on the "use and benefits" of the products, but in so doing it did not render his testimony inadmissible as untimely.

Alternatively, Boston Scientific argues that Dr. Mower's testimony should be excluded under Federal Rule of Evidence 403 due to his bias as a "contingency fee expert witness." Dr. Mower is not being paid for his testimony in the present litigation. However, according to Boston Scientific, Dr. Mower will receive "compensation" for his testimony due to an agreement with Mirowski that he receives 27% of royalties and damages awards. Boston Scientific contends that such bias requires the exclusion of his testimony.

Characterization of Dr. Mower's relationship with the parties as a "contingency fee expert witness" is not entirely apt. The fact that his "contingency fee" is tied to an agreement with Mirowski wholly unrelated to the provision of expert testimony in litigation is one factor mitigating against Boston Scientific's characterization. However, even if Boston Scientific were

correct in its description, Dr. Mower's testimony is not inadmissible. The rule against employing expert witnesses on a contingent fee basis "is a rule of professional conduct rather than of admissibility of evidence." *Tagatz v. Marquette Univ.*, 861 F.2d 1040, 1042 (7th Cir. 1988), and "it does not follow that evidence obtained in violation of the rule is inadmissible." *Id.* Any "bias" arising from Dr. Mower's entitlement to a cut of damages is largely indistinguishable from that of any ethically retained expert, who is him- or herself "not notably disinterested." *Id.* Boston Scientific is free to inquire into Dr. Mower's interests on cross examination, but any "bias" arising here is insufficient to warrant exclusion.

### 4. Contention Interrogatories

Some of Mirowski's "proof" on the issue of infringement of the '119 patent in Delaware consists of contention interrogatories from the underlying case. Mirowski points to two interrogatories as "admissions" by Boston Scientific that St. Jude's CRT devices infringed the '119 patent:

1. "Plaintiffs are presently asserting that St. Jude infringes claims 15–17, 19–20, and 26 of the '119 reissue patent." Mar. 31, 2006 Pls.' Third Suppl. Resp. to Defs.' Interrog. No. 1 at 3, Ex. 14 to No. 239.

2. Plaintiffs state that they presently believe that St. Jude's Epic HF, Atlas+ HF, Frontier, Epic+ HF, and Frontier II resynchronization devices each literally infringe at least claims 19 and 20 of the '119 reissue patent. Plaintiffs also state that they presently believe that at least claims 15–20, 22, 23, 25, and 26 of the '119 reissue patent are literally infringed by St. Jude's Frontier and Frontier II resynchronization devices. Oct. 7, 2005 Pls.' Second Suppl. Resp. to Defs.' Interrog. No. 1 at 3, Ex. 15 to No. 239.

According to Mirowski, "[t]hese interrogatory answers are highly relevant to showing the breadth of the alleged infringement in the Delaware litigation and thus the value of the claims that were improperly traded away," and will "assist the jury in understanding the value of the Delaware infringement case at the time of the Secret Settlement." Mirowski's Opp'n at 30, No.

300. Boston Scientific opposes the admission of these interrogatories Federal Rule of Evidence 403 grounds.

Under Rule 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Court finds that these interrogatories have minimal probative value. No indication of "value" can be gleaned from them; rather, the interrogatories are proof of nothing other than the specifics of the parties' allegations in the underlying litigation. Inasmuch as these allegations may be a part of the *res gestae*, the Court would hope that the parties could stipulate to the scope of their allegations against St. Jude. On the other hand, the risk of confusion of the jury is great. Only confusion will be wrought in trying to explain to the jury the fine distinction behind the parties' allegations in the lawsuit and the underlying fact of infringement. The minimal probative value is substantially outweighed by this risk. Accordingly, Boston Scientific is entitled to preclusion of this evidence.

Boston Scientific's motion to exclude evidence of the Delaware Settlement and testimony by the underlying litigation experts is **TAKEN UNDER ADVISEMENT**. Boston Scientific's motion to exclude the testimony of Dr. Mower is **DENIED**. Boston Scientific's motion to preclude the introduction of contention interrogatories is **GRANTED**.

The parties should note that the granting of a motion in limine is not a final ruling regarding the admissibility of the evidence at issue. Rather, it simply prohibits any party from eliciting testimony regarding or otherwise mentioning a particular issue during trial without first seeking leave of Court outside of the presence of the jury. Therefore, a party who wishes to elicit testimony or introduce evidence regarding a topic covered by a motion in limine that has been

granted should request a sidebar conference during the appropriate point in the trial, at which time the Court will determine how best to proceed. Parties should always err on the side of caution and interpret rulings on motions in limine broadly, requesting sidebars before eliciting testimony or offering evidence that is even arguably covered by a ruling in limine and avoiding mention of such topics during voir dire, opening statements, and closing argument.

SO ORDERED:  02/05/2013

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.