UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **MIROWSKI FAMILY VENTURES, LLC,** )<br>)<br>     **Counterclaimant,** )<br>)<br>          vs. )<br>)<br>**BOSTON SCIENTIFIC CORPORATION,** *et al.*, )<br>)<br>     **Counterclaim Defendants.** ) | Cause No. 1:11-cv-736-WTL-DKL |

### ENTRY ON MOTION REGARDING EVIDENCE IN CASE-WITHIN-A-CASE

This cause comes before the Court on Boston Scientific's Motion to Preclude Expert Testimony and Other Evidence Supporting Any Damages Theory Based on What the Juries in the Underlying Delaware and Indiana Case Might Have Awarded (Motion in Limine #3) (Dkt. No. 358). The Court has already issued a partial ruling on the motion. The Court now addresses the remaining issues.

In this motion, Boston Scientific asserts that Mirowski may not use case-within-a-case evidence to prove the quantity of its damages because such evidence would put Mirowski in a better position than if no breach had occurred, a result that would violate Indiana law. *See, e.g.*, *Calumet Fed. Savs. & Loan Ass'n of Chicago v. Lake Co. Trust Co.*, 509 F.2d 913, 921 (7th Cir. 1975)("It is axiomatic that [the plaintiff] should not be placed in a better position through the awarding of damages than it would have been had Calumet not breached the notice requirement."). Mirowski is in a better position, Boston Scientific argues, because it may now seek the maximum damages while bearing none of the risk – invalidity of the patents and loss of royalties – it would have borne in the underlying suit. The severity of that risk, and therefore the

benefit to Mirowski now, is demonstrated by the fact that "Mirowski declined to go to trial in the real world when it had the chance."

With this motion, Boston Scientific attempts to force Mirowski to adopt one theory of damages – impaired settlement – to the exclusion of an alternative measure – what the juries would have awarded – based on what happened in the "real world." *See Air Measurement Techs., Inc. v. Akin Gump Strauss Hauer & Feld, LLP*, 504 F.3d 1262, 1270-71 (Fed. Cir. 2007) ("The impaired settlement value theory calculates the difference between the actual settlement amount and the predicted settlement amount absent malpractice. . . . .[T]he impairment settlement value theory does not obviate the "case within a case" element of AMT's claim.").[1] As an initial matter, reference to what happened in the "real world" has no place in an inquiry into what would have happened but for the Settlement, given that whatever action Mirowski took after the Settlement was necessarily influenced by it.  Furthermore, any reduction in risk along the way does not necessarily mean that Mirowski will ultimately land in a "better position." The severity and nature of that risk will be brought to bear in the case-within-a-case and will factor into a determination by the jury of whether Mirowski was damaged, whether Boston Scientific caused that damage, and the amount of that damage, if any. Boston Scientific's motion **DENIED.**

SO ORDERED:    02/06/2013

*William T. Lawrence*
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.

---

[1] A fundamental problem for the parties in this case is that it appears Boston Scientific has not sought, and Mirowski has not offered, the damages theory Mirowski will present at trial. At times, Mirowski contends that it is entitled to what it would have received from the juries, yet it offers an expert report including an opinion on settlement values, while at the same time arguing that it need not put on a case-within-a-case at all.