UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MIROWSKI FAMILY VENTURES, LLC, | ) )  ) |
| Counterclaim Plaintiff, | ) ) |
| vs. | ) Cause No. 1:11-cv-736-WTL-DKL ) |
| BOSTON SCIENTIFIC CORPORATION, *et al.*, | ) ) ) ) |
| Counterdefendants. | ) |

## ENTRY ON MOTION FOR PRETRIAL RULING

This cause is before the Court on Mirowski's Motion for a Pretrial Ruling on Evidence Related to the Delaware Settlement and Experts in the Underlying Litigation (Dkt. No. 368)[1] and Boston Scientific's response. The majority of this motion elaborates on arguments already raised by Mirowski in response to Boston Scientific's Motion to Exclude Inadmissible Evidence, on which the Court has already ruled. (Dkt. No. 355). As such, the Court considers the motion to be a motion to reconsider, and it has reviewed the briefing related to Boston Scientific's motion in making this Entry. The Court now grants the motion for pretrial ruling and rules as follows.

On February 15, 2012, counsel for Mirowski contacted counsel for Boston Scientific by email and proposed that "in view of the fact that Guidant and MFV used joint experts in the Indiana and Delaware litigations, those former experts should be considered fact witnesses in this

---

[1] Mirowski also filed a motion for oral argument. (Dkt. No. 370). The Court indicated that it would review Mirowski's motion and hear oral argument, if necessary, at the conflict of interest hearing on Dr. Mower on February 12, 2013. (Dkt. No. 372). The Court determined that oral argument was not necessary and denied Mirowski's motion for oral argument at the February 12, 2013, hearing.

case and not retained by either one of [the parties] in the current dispute to serve as an expert witness." Email from Kiernan to O'Shaughnessy, Ex. 5 to No. 268. Boston Scientific agreed.

In its Entry, the Court explained that, as fact witnesses, the underlying expert witnesses could be called as witnesses in this case to testify to the existence of their opinions at that time, but it expressed skepticism over the relevance of that fact as separated from testimony that one's prior testimony was, and still is, accurate. Accordingly, the Court held that, "if either party wishes to call an expert or introduce an expert deposition or expert report to establish the validity of a patent, the infringement of a patent, or the worth of a claim or defense, that testimony is properly expert testimony, and that parties have agreed not to use these experts for such testimony." Evidence of the opinions of the underlying experts – in all forms – is inadmissible for this purpose, and the Court's ruling on this issue stands.

Portions of the instant motion suggest to the Court that Mirowski does not fully understand the Court's ruling.[2] For example, Mirowski argues that it "has always intended to explain to the jury both the context of these prior experts' factual recounting of their opinions and *why their opinions were and still are accurate*." Mirowski's Br. at 9, No. 369 (emphasis added). It is the emphasized portion that concerns the Court. If the jury is asked to credit the accuracy of the witness's opinion, that witness is testifying as an expert, and the parties have agreed they would not call these witnesses as experts.

---

[2] Mirowski also misunderstands the Court's ruling that, if these opinions are relevant, it must be for a reason independent of their accuracy. Mirowski's Br. at 6, No. 369 ("**The Accuracy of These Experts Prior Opinions Is Not in Question.** A concern animating the Court's Entry on this evidence is that it may be "divorced from the accuracy of the underlying opinions." Dkt. No. 355, at 3. But Boston Scientific has never questioned the accuracy of this evidence, not when Boston Scientific itself advanced that evidence in the underlying litigations and not now.").

Mirowski has, however, responded to the Court's prior concern with the relevancy of the existence of these opinions independent of their truth or accuracy. As Mirowski points out, testimony given at a prior trial – or in this case, testimony prepared in anticipation of trial – may have value independent of its truth. For example, such testimony establishes what happened (or what would have likely happened) in the underlying case, and it may establish the strength (or weakness) of a party's case, the case allegedly "botched" by the opposing party. *See Transcraft, Inc. v. Galvin, Stalmack, Kirschner & Clark*, 39 F.3d 812, 818 (7th Cir. 1994); 2 Mallen & Smith, Litigation Malpractice § 37.28 (2013), *cited in Transcraft*, 39 F.3d at 818. Therefore, to the extent Mirowski seeks to discuss the testimony of the underlying experts in its opening statement or play their depositions at trial to establish what happened in the underlying trial or to establish the strength or weakness of their case, such testimony is admissible. However, Mirowski may not champion the truth or accuracy of those underlying opinions. The distinction is fine as frogs' hair, and Mirowski should tread very, very carefully.

Mirowski also seeks leave of Court to discuss the 2007 Delaware Settlement in its opening statement and question its witnesses on direct regarding the agreement. In its prior Entry, the Court explained that the Settlement and the stipulation document were not admissible to prove liability in the Delaware case, but that they may be relevant if the value of the settlement is in issue; accordingly, it instructed the parties to seek leave of Court before discussing it. Mirowski has now designated evidence sufficient to convince the Court that the amount of the settlement will be in issue. For example, Mr. Schoettelkotte references the $35 million settlement as evidence of the value of the claims. *E.g.*, Expert Rep. of Schoettelkotte at ¶ 16, Ex. 3 to No. 214. ("My opinion is that the $35.0 million that MFV received as settlement of the Delaware case is fair and reasonable and properly accommodates for the avoidance of such

risk and uncertainty."). Accordingly, Mirowski's request that the Court order Boston Scientific to state whether it will introduce the Delaware Settlement is unnecessary. Mirowski may discuss the Settlement and its amount.

At the same time, the Court remains unconvinced that the contents of the stipulation document will be in issue. Boston Scientific's response brief only confirms the Court's skepticism. *See* Boston Scientific's Resp. at 18-19, No. 395. Accordingly, the Court's ruling regarding the settlement document itself stands. The proponent of the document must seek leave of Court outside the presence of the jury.

SO ORDERED: 02/20/2013

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.